STATE OF CONNECTICUT *v.* EUGENE CHILDREE
(10977)
(10978)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued November 2, 1982—decision released January 25, 1983

*David P. Gold,* with whom were *Richard C. Robinson* and *H. Gordon Hall, Jr.,* and, on the brief, *Jeffrey R. Martin,* for the appellant (defendant in both cases).

*Donald B. Caldwell,* state's attorney, for the appellee (state).

PETERS, J. This case arises out of a claim by the defendant that, at the time he entered three pleas of guilty, he was not adequately apprised of the nature of the criminal charges against him, in violation of the federal constitutional requirement that a guilty plea, to be valid, must be made knowingly and voluntarily. The trial court found the defendant, Eugene Childree, guilty of robbery in the first degree, larceny in the first degree, and assault in the third degree, in violation of General Statutes §§ 53a-134 (a) (3),[1] 53a-122 (a) (1),[2] and 53a-61 (a) (1)[3] respectively, after accepting the defendant's pleas of guilty to those offenses.

The charges facing the defendant resulted from two separate incidents. The robbery and larceny

[1] "[General Statutes] Sec. 53a-134. ROBBERY IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . (3) uses or threatens the use of a dangerous instrument . . . ."

"[General Statutes] Sec. 53a-133. ROBBERY DEFINED. A person commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of: (1) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (2) compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny."

[2] "[General Statutes] Sec. 53a-122. LARCENY IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of larceny in the first degree when: (1) The property or service, regardless of its nature and value, is obtained by extortion . . . ."

"[General Statutes] Sec. 53a-119. LARCENY DEFINED. A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. . . ."

[3] "[General Statutes] Sec. 53a-61. ASSAULT IN THE THIRD DEGREE: CLASS A MISDEMEANOR. (a) A person is guilty of assault in the third degree when: (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person . . . ."

counts derived from the defendant's alleged theft of $161.31 from a 7-11 Store in Vernon on December 16, 1980. At 2:31 a.m. on that date, the defendant entered the store wearing a paper bag over his head and holding his hand threateningly on a tire iron concealed in his pocket. He ordered the clerk to open the cash drawer and, when the clerk complied, removed its contents and fled. Following his subsequent arrest, the defendant pleaded not guilty to an information charging him with the robbery and larceny counts, elected trial by jury, and was released on bail pending trial. On March 10, 1981, the defendant was again arrested and charged with, inter alia, assault in the third degree in connection with a second incident which occurred on March 1, 1981. The defendant pleaded guilty to the assault charge on April 1, 1981, and the other charges stemming from the second incident were nolled.

Thereafter, the two matters were consolidated and the defendant entered into a plea bargain whereby, in return for his pleading guilty to the three remaining counts, the state would recommend sentences of not less than five and not more than ten years each for the robbery and larceny counts, and a sentence of one year for the assault count. Pursuant to the bargain, the sentences were to run concurrently for a total effective recommended sentence of not less than five nor more than ten years. Alternatively, under the relevant criminal statutes, the defendant faced, if convicted of all three counts, a maximum sentence of not less than twenty-one nor more than forty-one years.[4]

[4] Robbery in the first degree and larceny in the first degree are class B felonies. General Statutes § 53a-35 (a) provides: "For any felony committed prior to July 1, 1981, the sentence of imprisonment shall be an indeterminate sentence . . . ." Section 53a-35 (b)

During the hearing at which the defendant entered his guilty pleas, the trial court addressed the defendant personally to determine his understanding of the nature of the charges against him. The court explained that a person is guilty of robbery in the first degree "if you commit robbery and in the course of the commission of the crime you are—you use or threaten the use of a dangerous instrument. Of course, robbery is the commission of larceny when you use threats of immediate use of physical force upon another person." The defendant, upon inquiry, indicated that he understood. The court then explained that "a person is guilty of larceny in the first degree when the property or service, regardless of its nature and value, is obtained by extortion; and, of course, larceny is very simply defined as taking property or appropriating to your own use property which belongs to another; and property obtained by extortion is when he compels or induces another person to deliver such property up by reason of instilling in him a fear that, if the property is not delivered, that you will cause him physical injury." The defendant again said that he understood. The court went on to inform the defendant of the nature of the assault charge against him, of the maximum

provides: "The maximum term of an indeterminate sentence shall be fixed by the court and specified in the sentence as follows . . . (2) for a class B felony, a term not to exceed twenty years." Section 53a-35 (c) provides: "[T]he minimum term of an indeterminate sentence shall be fixed by the court and specified in the sentence as follows . . . (2) for a class B . . , felony the court may fix a minimum term of not less than one year nor more than one-half of the maximum term imposed . . . ."

Assault in the third degree is a class A misdemeanor. General Statutes § 53a-36 provides: "A sentence of imprisonment for a misdemeanor shall be a definite sentence and the term shall be fixed by the court as follows: (1) For a class A misdemeanor, a term not to exceed one year . . . ."

penalty for each offense with which he was charged, and of the constitutional rights he was waiving by pleading guilty. To each item of information the defendant replied, upon inquiry, that he understood.

After questioning the defendant as to the facts underlying the charges, the court found that the pleas were voluntarily made and that there was a factual basis for them. The pleas were accepted, judgments of guilty were rendered as to all three counts, and the defendant was subsequently sentenced to concurrent prison terms of from three to eight years each for the robbery and larceny counts, and of one year for the assault count.

The defendant raises five issues on appeal. His first and second claims are that the trial court erred in determining that the plea of guilty to first degree larceny was knowing and voluntary, because, first, the trial court failed to apprise him of an element critical to the commission of that offense, i.e., a threat of physical injury to some person in the future; and, second, the facts to which he assented at the time he pleaded guilty failed to establish a basis for that same element of the offense. The defendant's third claim is that the sole element that distinguishes first degree larceny from first degree robbery is the futurity of the threat in the larceny offense; therefore, convictions for both offenses, absent a determination that such a future threat was made, expose him to double jeopardy. His fourth claim is that, under the circumstances, his lawyer's having advised him to plead guilty to first degree larceny deprived him of the effective assistance of counsel. The defendant's fifth and final claim is that the trial court's erroneous acceptance of the guilty plea to the larceny count rendered all

three pleas defective. Because we agree with the defendant's first and fifth claims, we do not consider his claims of a lack of factual basis, double jeopardy, and ineffective assistance of counsel.

We begin our analysis by noting that the proper procedure for raising a claim that a guilty plea was not knowingly and voluntarily made is to make that claim in the trial court in the first instance. See Practice Book §§ 719 through 722.[5] There is no explanation on the record why this procedure was not followed. Nonetheless, because the error claimed by the defendant involves the violation of a fundamental constitutional right, we will consider it for the first time on appeal. *State* v. *Godek,* 182 Conn. 353, 356, 438 A.2d 114 (1980), cert. denied, 450 U.S. 1031, 101 S. Ct. 1741, 68 L. Ed. 2d 226 (1981); *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973).

It is axiomatic that unless a plea of guilty is made knowingly and voluntarily, it has been obtained in violation of due process and is therefore voidable. *McCarthy* v. *United States,* 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969); *State* v. *Godek,* supra, 356; *State* v. *Marra,* 174 Conn. 338, 340, 387 A.2d 550 (1978); *State* v. *Battle,* 170 Conn. 469, 473, 365 A.2d 1100 (1976).

---

[5] Practice Book § 720 provides: "A defendant may withdraw his plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his plea upon proof of one of the grounds in Sec. 721. A defendant may not withdraw his plea after the conclusion of the proceeding at which the sentence was imposed."

Practice Book § 721 provides: "The grounds for allowing the defendant to withdraw his plea of guilty after acceptance are as follows:

(1) The plea was accepted without substantial compliance with Sec. 711;

A plea of guilty is, in effect, a conviction, the equivalent of a guilty verdict by a jury. *Boykin* v. *Alabama,* 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *State* v. *Marra,* supra, 345; *State* v. *Battle,* supra, 473. In choosing to plead guilty, the defendant is waiving several constitutional rights, including his privilege against self-incrimination, his right to trial by jury, and his right to confront his accusers. *McCarthy* v. *United States,* supra, 466. These considerations demand the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and its consequences. *Boykin* v. *Alabama,* supra, 243–44. We therefore require the record affirmatively to disclose that the defendant's choice was made intelligently and voluntarily. *Boykin* v. *Alabama,* supra, 242; *State* v. *Godek,* supra, 356; *Blue* v. *Robinson,* 173 Conn. 360, 373, 377 A.2d 1108 (1977).

The defendant relies on *Henderson* v. *Morgan,* 426 U.S. 637, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976), for his claim that the trial court's alleged failure to apprise him of an element critical to the commission of first degree larceny has rendered his plea involuntary. In *Henderson,* the Supreme Court of the United States overturned a conviction based

(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed;

(3) The sentence exceeds that specified in a plea agreement which had been previously accepted, or in a plea agreement on which the court had deferred its decision to accept or reject the agreement at the time the plea of guilty was entered;

(4) The plea resulted from the denial of effective assistance of counsel;

(5) There was no factual basis for the plea; or

(6) The plea either was not entered by a person authorized to act for a corporate defendant or was not subsequently ratified by a corporate defendant."

on a plea of guilty to second degree murder because the defendant had not been informed that intent to cause the death of his victim was an element of the offense. "[T]he plea could not be voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.' *Smith* v. *O'Grady,* 312 U.S. 329, 334 [61 S. Ct. 572, 85 L. Ed. 2d 859 (1941)]." *Henderson* v. *Morgan,* supra, 645; see *State* v. *Collins,* 176 Conn. 7, 10n, 404 A.2d 871 (1978); *State* v. *Marra,* supra, 345; *Blue* v. *Robinson,* supra, 381–82 (*Speziale, J.,* dissenting).

Comparison of the trial court's definition of first degree larceny with the statutory definition of the offense leads us to the conclusion that the futurity of the threat essential to a commission of larceny was not made clear to the defendant in the present case. General Statutes § 53a-119 provides, in relevant part: "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. Larceny includes . . . (5) Extortion. A person obtains property by extortion when he compels or induces another person to deliver such property to himself or a third person by means of instilling in him a fear that, if the property is not so delivered, the actor or another will: (A) Cause physical injury to some person *in the future.*" (Emphasis added.) The trial court made only one reference to the futurity of the threatened harm, when it explained that: "extortion is when he compels or induces another person to deliver such property up by reason of instilling

in him a fear that, if the property is not delivered, that you *will* cause him physical injury." (Emphasis added.)

The state's argument that use of the auxiliary verb "will" is sufficient to denote futurity is unpersuasive because "will" may equally express the certainty or likelihood of a certain event occurring.[6] We find its use in the context of the court's definition at least as suggestive of the latter meaning; i.e., the certainty or likelihood of the threatened harm befalling the victim in the event that he chooses not to deliver the demanded property. The trial court's earlier emphasis, in its definition of first degree robbery, on the immediacy of the threatened harm integral to that offense does not cure the deficiency in the court's subsequent definition of first degree larceny. On the contrary, it serves to underscore the significance of the temporal element that was either ambiguous or absent in the definition of larceny. This record does not affirmatively disclose that the defendant was adequately informed of the "future harm" element of the larceny statute.

No claim has been advanced that the trial court explained the futurity element of the crime of larceny elsewhere than in this one ambiguous phrase. We must therefore determine whether failure to inform the defendant about this element of future harm requires us to find a failure to ensure that the defendant possessed the "understanding of the

[6] Webster, Third International Dictionary (1971) defines "will" as "1—used to express desire, choice, willingness, consent or in negative constructions refusal . . . 3a—used to express simple futurity . . . 3b—used to express simple action or intention without conscious reference to future time . . . ." The American Heritage Dictionary of the English Language (1978) defines it "1. simple futurity . . . 2. likelihood or certainty."

law in relation to the facts" that characterizes a knowing and voluntary guilty plea. *McCarthy* v. *United States,* supra, 466; *State* v. *Collins,* supra, 9; *State* v. *Marra,* supra, 340.

We recognize that *Henderson* v. *Morgan* falls short of announcing a per se rule that notice of the true nature of a charge always requires a description of every element of the offense. *Henderson* v. *Morgan,* supra, 647n. The trial court's failure to explicate an element renders the plea invalid only where the omitted element is a critical one; id.; and only where it is not appropriate to presume that defense counsel has explained the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. Id., 647.

Under the circumstances of the present case, however, we consider the element of future harm to be critical to the commission of larceny by extortion. The use or threatened use of immediate physical force is the element which distinguishes larceny from robbery. *State* v. *Tinsley,* 181 Conn. 388, 398–99, 435 A.2d 1002 (1980), cert. denied, 449 U.S. 1086, 101 S. Ct. 874, 66 L. Ed. 2d 811 (1981); see LaFave & Scott, Handbook of Criminal Law (1972) § 94, p. 699. If futurity of the threat of harm is omitted from the larceny count, then the sole element distinguishing the two counts is the threatened use of a dangerous instrument in the robbery count. Absent future harm, it appears impossible to commit the robbery offense without also committing larceny. See *State* v. *Tinsley,* supra, 397. The omission in the court's explanation can therefore not be dismissed as inconsequential.

Nor do the circumstances of the present case warrant a presumption that defense counsel adequately explained the charge of larceny to the defendant.

The record gives no indication of such an explanation; counsel advised the defendant to plead guilty to both larceny and robbery; and the defendant has raised a claim of ineffective assistance of counsel, which "is a factor to be taken into consideration in determining whether a guilty plea was voluntary and intelligent." *Dukes* v. *Warden,* 161 Conn. 337, 344, 288 A.2d 58 (1971), aff'd, 406 U.S. 250, 92 S. Ct. 1551, 32 L. Ed. 2d 45, reh. denied, 407 U.S. 934, 92 S. Ct. 2464, 32 L. Ed. 2d 817 (1972). We do not, on this record, attempt any judgment on the propriety of the claim of ineffective assistance of counsel. We note, however, that since the distinction between the counts of robbery and larceny is a subtle one, the court was "all the more responsible for guaranteeing that counsel and the defendant [had] explored the consequences" of pleading guilty to both offenses. *State* v. *Collins,* supra, 10n.

We note finally that the defendant made no factual statement or admission necessarily implying that the threatened harm would occur in the future,[7] nor did defense counsel stipulate to the fact. There is therefore nothing in the record which serves to supply the element omitted from the trial court's explanation. See *Henderson* v. *Morgan,* supra, 646; *United States* v. *Johnson,* 612 F.2d 305, 309 (7th Cir. 1980).

Having concluded that the plea to the larceny charge cannot stand, we must determine whether the deficiency of this plea impaired the voluntari-

[7] Although we do not reach the merits of the defendant's claim that the trial court's questioning of the defendant failed to elicit a factual basis for the larceny, the facts as recited in the record and admitted by the defendant do not offer unequivocal proof that a future harm was threatened. See *State* v. *Cutler,* 180 Conn. 702, 704, 433 A.2d 988 (1980); *State* v. *Marra,* 174 Conn. 338, 343–45,

ness and intelligence of the pleas to first degree robbery and third degree assault. In holding that those pleas were not voluntary and intelligent as well, we are guided by our decision in *State* v. *Collins,* supra, where we held that a guilty plea was not intelligently made where the defendant did not know whether the resultant sentence would run concurrently or consecutively with one he was already serving. Id., 10. "The length of time a defendant may have to spend in prison is clearly crucial to a decision of whether or not to plead guilty." Id., 9–10. A conviction for the larceny count would have increased the defendant's maximum prison term from twenty-one to forty-one years, as the trial court duly informed him. Our review of the record does not persuade us that the risk of prolonged imprisonment added by the larceny charge was not a significant inducement to the pleas of guilty to the robbery and assault charges.

The absence of direct evidence that the greater exposure created by the larceny charge induced the other pleas does not refute the defendant's claim that those other pleas were not knowing and voluntary, for two reasons. First, the record must affirmatively disclose that the pleas were knowing and voluntary; it is not the burden of the defendant to prove the contrary. Second, notwithstanding the state's assertion that its sentencing recommendations were separate and distinct as to all three counts, it appears to have been the understanding of the trial court and the defendant that a recommendation of concurrent sentences was a material

387 A.2d 550 (1978); *State* v. *Battle,* 170 Conn. 469, 473–74, 365 A.2d 1100 (1976); *State* v. *Bugbee,* 161 Conn. 531, 535, 290 A.2d 332 (1971) (invalidating guilty pleas where the facts to which the defendant assented on record failed to reveal all the elements of the crimes charged).

aspect of the consideration given by the state in return for the defendant's pleas. The transcript reveals the following:

"The Court: But it is your understanding, Mr. Childree, that the State is going to recommend at the time of sentencing the sentence of—effective sentence on all three counts of not less than five nor more than ten years?

"The Defendant: Yes, sir.

"The Court: And that agreement upon the part of the State to make such a recommendation is part of the reason you decided to enter your pleas of guilty?

"The Defendant: Yes, sir."

That the defendant's awareness of the maximum sentence possible is an essential factor in determining whether to plead guilty is also recognized by Practice Book § 711, which provides, in relevant part: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he fully understands . . . (4) . . . if there are several charges, the maximum sentence possible from consecutive sentences . . . ." Accord *United States* v. *Ammirato,* 670 F.2d 552, 555 n.2 (5th Cir. 1982); III ABA Standards for Criminal Justice (1980) § 14-1.4(a)(ii); ALI Model Code of Pre-Arraignment Procedure (1975) § 350.4(1)(e)(i).[8]

---

[8] The state's reliance on *Brady* v. *United States,* 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970), is misplaced in light of this provision of the Practice Book and our decision in *State* v. *Collins,* 176 Conn. 7, 404 A.2d 871 (1978). We need not now determine whether the subsequent overruling of a statute which may have induced a defendant's guilty plea retrospectively renders the plea involuntary or unintelligent. In the instant case, the miscalculation resulted from an error of presently existing law.

There is error, the judgment is set aside and the case is remanded with direction to permit the defendant to withdraw his pleas.

In this opinion SPEZIALE, C. J., PARSKEY and SHEA, Js., concurred.

ARTHUR H. HEALEY, J. (concurring). I concur in the result. I write separately to state that I cannot agree that the circumstances of the present case do not warrant a presumption that defense counsel adequately explained the charge of larceny to the defendant. I do agree that the plea to the larceny charge cannot stand and that "the deficiency of this plea impaired the voluntariness and intelligence of the pleas to first degree robbery and third degree assault." I do not, however, read or regard *Henderson* v. *Morgan,* 426 U.S. 637, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976), as controlling in determining that the plea to the larceny charge was deficient.

In *Henderson,* the issue was "whether a defendant may enter a voluntary plea of guilty to a charge of second-degree murder without being informed that intent to cause the death of his victim was an element of the offense." *Henderson* v. *Morgan,* supra, 638. In that case, the court specifically observed: "Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Henderson* v. *Morgan,* supra, 647. *Hender-*

*son,* however, was "unique" because the trial judge "found as a fact that the element of intent was not explained to respondent [defendant]." *Henderson* v. *Morgan,* supra, 647. Unlike *Henderson,* where there was a complete failure to tell the defendant that intent was even an element of the crime; see *Thundershield* v. *Solem,* 429 F. Sup. 944, 956 (D.S.D. 1977), cert. denied, 435 U.S. 954, 98 S. Ct. 1585, 55 L. Ed. 2d 805 (1978); this case is one where the defendant was informed that "futurity" is an element of the crime of larceny by extortion but the explication by the court was constitutionally deficient; this alone vitiated the defendant's plea. It is for this reason that the presumption that the defendant's counsel properly explained the elements of the various crimes and the differences among them is not critical in holding the defendant's plea constitutionally deficient.

It is entirely appropriate, however, to presume that defense counsel did explain the nature of the offense in sufficient detail to give the accused notice of what he was being asked to admit. This is so because the defendant answered in the affirmative the court's inquiries not only whether he had discussed his plea with his lawyer and whether he was doing so on his advice but also that he was "satisfied with the advice he has given you." That the presumption may properly be taken here, therefore, brings this branch of the matter squarely within that language of *Henderson* quoted above concerning such presumption.

The problem arises not from what we can thus fairly presume counsel told the defendant and what the defendant knew from his counsel, but from that explanation in the proceedings given by the court of the difference between larceny, larceny by extor-

tion and robbery. This, without any necessity to implicate the presumption of the appropriateness of counsel's explanation to his client, renders the plea one not knowingly and intelligently made. Accordingly, there is no need, as the majority does, to go into the presumption that the defendant's counsel appropriately explained the elements of the various crimes to which he was pleading nor to refer to the matter of ineffective assistance of counsel at all.

I, therefore, concur in the result.