## STATE OF CONNECTICUT *v.* JAMES BASIL
### (4098)

DUPONT, C. J., BORDEN and SCHALLER, Js.

Argued November 26, 1985—decision released February 4, 1986

*Martin J. Minnella,* with whom, on the brief, was *Eddi Z. Zyko,* for the appellant (defendant).

*Marcia B. Smith,* assistant state's attorney, with whom, on the brief, was *John A. Connelly,* state's attorney, for the appellee (state).

PER CURIAM. The defendant was charged on November 27, 1984, with one count of sexual assault in the fourth degree, a violation of General Statutes § 53a-73a, and one count of risk of injury to a child, a violation of General Statutes § 53-21. On February 6, 1985, the defendant entered a so-called *Alford* plea of guilty to both counts. *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). After canvassing the plea and finding that the accused had made a voluntary and intelligent waiver, the court accepted the plea.

On March 22, 1985, prior to sentencing, the defendant moved to withdraw his guilty pleas, claiming that his addiction to alcohol precluded a voluntary and intelligent waiver. This motion was denied and the defend-

ant was sentenced on both counts to an effective term of two years incarceration followed by three years of probation.

The defendant has appealed, claiming that the trial court erred in accepting his guilty pleas while he was addicted to alcohol. We note at the outset that the defendant has appealed from the February 6, 1985 order of the court accepting the defendant's guilty pleas. The proper procedure for review of the voluntariness of a guilty plea is to appeal from an adverse ruling on a motion to withdraw the plea.See *State* v. *Childree,* 189 Conn. 114, 119, 454 A.2d 1274 (1983); Practice Book §§ 720, 721. Because a motion to withdraw was made, and subsequently denied, we consider the defect technical and will disregard it in order to review the alleged deprivation of the defendant's fundamental rights.[1] *State* v. *Godek,* 182 Conn. 353, 355–56, 438 A.2d 114 (1980), cert. denied, 450 U.S. 1031, 101 S. Ct. 1741, 68 L. Ed. 2d 226 (1981); *State* v. *Schaeffer,* 5 Conn. App. 378, 385, 498 A.2d 134 (1985).

After a plea of guilty is accepted, the court is obligated to permit the defendant to withdraw his plea prior to sentencing upon proof of one of the grounds in Practice Book § 721. See Practice Book § 720; *State* v. *James,* 197 Conn. 358, 361, 497 A.2d 402 (1985). Section 721 of the Practice Book authorizes the withdrawal

---

[1] The defendant filed a motion to withdraw the plea on March 22, 1985. This motion was denied, apparently without written articulation. No transcript of an oral memorandum of decision relevant to the denial of this motion was provided to us on this appeal. The only documentation before us is the transcript of the original plea canvass, the motion to withdraw the pleas, and the judgment of conviction and sentence. The appellant has failed to meet his burden of providing an adequate record for review demonstrating that there has been an erroneous ruling warranting reversal. See *State* v. *Periere,* 186 Conn. 599, 609, 442 A.2d 1345 (1982). We, therefore, will review his allegations only to the extent allowed by the scant record provided.

of a plea of guilty upon proof that the "plea was involuntary." Practice Book § 721. The defendant would have us hold that one who is addicted to alcohol is incapable of making a voluntary waiver of his rights. A ruling of that breadth is inappropriate and lacks a basis in fact or law. The proper procedure is to review the record on a case by case basis to determine if the plea was, in fact, voluntary and intelligent. See *State* v. *Lasher,* 190 Conn. 259, 265, 460 A.2d 970 (1983); *State* v. *Childree,* supra, 119–20.

Based on the record before us, it is clear that the defendant was asked during the canvass if he was under the influence of alcohol. The defendant answered "no." The defendant's counsel made no statement or objection. The record does not reflect a confused mental state on the defendant's part. To the contrary, the defendant unequivocally answered standard questions concerning his age, education, marital status and employment. It also appears that the defendant's plea represents a reasonable election by the defendant given the nature of the crime, the uncontested evidence and the ultimate sentence.

For these reasons, we find that the defendant's pleas were voluntary and knowing and the trial court's refusal to allow the defendant to withdraw the pleas was proper.

There is no error.