## STATE OF CONNECTICUT *v.* NAPHTALI E. BROWN (7277)

BORDEN, STOUGHTON and NORCOTT, Js.

Argued April 19—decision released June 27, 1989

*Kent Drager,* assistant public defender, for the appellant (defendant).

*Frederick W. Fawcett,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *C. Robert Satti,* assistant state's attorney, for the appellee (state).

NORCOTT, J. The defendant was charged with possession of narcotics with intent to sell in violation of General Statutes § 21a-278 (b). On September 8, 1987, the defendant entered a plea of guilty, and the trial court conducted an extensive plea canvass that covered two days. After accepting the guilty plea, the court sentenced the defendant to ten years, execution suspended after six years with five years probation on the drug charge, and to twenty-one months for a violation of probation to run concurrently.

The defendant now appeals from the judgment of conviction claiming that the trial court erred in accepting his plea as knowingly, intelligently and voluntarily made. The gravamen of the defendant's claim is that, under the circumstances of this case, the constitution required that the trial court advise the defendant of the availability of the conditional nolo contendere plea pursuant to General Statutes § 54-94a.[1] We find no error.

---

[1] General Statutes (Rev. to 1987) § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure or motion to dismiss, the defendant after the imposition of sentence

We first note that this claim was not raised in the trial court and that the defendant seeks appellate review under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973). In order to review a claim under *Evans,* we must determine whether the claim raises an issue that implicates a fundamental constitutional right and, if so, whether the constitutional claim is adequately supported by the record. *State* v. *Thurman,* 10 Conn. App. 302, 306, 523 A.2d 891, cert. denied, 204 Conn. 805, 528 A.2d 1152 (1987). To this end we review the record in a limited way to determine " ' "whether the defendant's claim is truly of constitutional proportions or is simply characterized as such by the defendant. . . ." *State* v. *Thurman,* [supra].' *State* v. *Huff,* 10 Conn. App. 330, 334, 523 A.2d 906, cert. denied, 203 Conn. 809, 525 A.2d 523 (1987) . . . ." *State* v. *Bailey,* 209 Conn. 322, 329–30 n.4, 551 A.2d 1206 (1988).

Due process requires that the trial court ensure that a defendant's guilty plea is voluntarily, knowingly and intelligently made. *State* v. *Lopez,* 197 Conn. 337, 341, 497 A.2d 390 (1985); *State* v. *Childree,* 189 Conn. 114, 120, 454 A.2d 1274 (1983). In an appropriate case we will review fully a claim that the trial court improperly canvassed the defendant before accepting a guilty plea, even though the defendant did not raise the issue in the trial court. *State* v. *Badgett,* 200 Conn. 412, 417, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986).

The required limited review of the record reveals that the state recited the following facts as the basis for the defendant's guilty plea. On February 1, 1987, at about

may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

12:01 a.m., Bridgeport police officers were conducting a narcotics investigation in the area of Sixth Street and Stratford Avenue when they observed a man later identified as Dennis McCloshin leaning into an automobile. They observed McCloshin holding a cellophane bag while he was engaged in conversation with the occupants of the vehicle. The police officers believed that a narcotics transaction was taking place. They then saw the defendant within a few feet of McCloshin and heard him yell "Five-O," a common warning that police are in the area. McCloshin immediately put the bag into his pocket and was arrested as he began to walk away. The defendant entered a nearby bar. The police followed, arrested and searched the defendant, finding eighteen tin foil packets containing cocaine and $132.

During the trial court's plea canvass, it became apparent that the defendant did not agree with some of these factual claims. In particular, the defendant refused to concede that he was outside of the bar immediately prior to his arrest.

The defendant did concede, however, that he was in possession of the eighteen packets of cocaine inside the bar and that, at the time, he was not a drug dependent person, thereby admitting the factual basis for his plea to the crime with which he was charged, as required by Practice Book § 713. The trial court continued the canvass, informing the defendant of the maximum sentence that the court could impose and reviewing the plea bargain, which would encompass both the narcotics charge and the violation of probation. The court then adjourned until the following day.

The next day, although defense counsel told the court that the defendant was thinking of withdrawing his plea, he never requested such withdrawal. The court again read the information to the defendant, indicated to him that the offense to which he was pleading did

not depend on what happened outside the bar, and told the defendant that it did not want him to do something that made him uncomfortable and that he could proceed to trial if he so desired. The court then asked the defendant whether he understood the court's questions and information, whether he agreed with the facts as stated and whether he felt everything was correct. The defendant indicated that he did. The court then accepted the plea and imposed sentence.

The defendant argues that the court had been alerted to his disagreement with some of the facts underlying the probable cause for his arrest and search. He contends that the trial court therefore violated his constitutional rights by not advising him of the availability of a conditional nolo plea pursuant to General Statutes § 54-94a as an alternative to pleading guilty. We disagree.

A trial court's reponsibilities at the time of a plea canvass are clear. "Under *Boykin* [v. *Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)], in order for a plea to be knowingly, voluntarily and intelligently made, a trial court is required to advise a defendant that his plea operates as a waiver of three fundamental constitutional rights—jury trial, confrontation and self-incrimination." *State* v. *Badgett,* supra, 418. The Supreme Court's analysis in *Badgett* focused on "whether the federal constitutional principles of *Boykin* were satisfied rather than on meticulous compliance with the provisions of the Practice Book"; id.; although the court also has indicated that noncompliance with Practice Book § 711 may implicate the voluntary nature of the plea and consequently its constitutional validity. *State* v. *James,* 197 Conn. 358, 365, 497 A.2d 402 (1985).

Under the procedural posture of this case, the defendant was not even in a position to avail himself of the

provisions of the conditional nolo plea, which is predicated on an adverse ruling on a motion to suppress or dismiss. Although the defendant had filed the motions prior to his guilty plea, he did not pursue them. He accepted the plea bargain and pleaded guilty, thus obviating the need for the court to rule on the motions. The defendant's claim would require us to hold that the trial court should have advised the defendant of a procedure that was not available to him at the time of the canvass.

If it becomes apparent that a defendant does not accept the factual basis that established probable cause for his arrest and search, the defendant's counsel may have a duty to inform him that one of his options is to pursue his motions to suppress and dismiss, thus protecting his right to make a conditional nolo plea. There is, however, no obligation for the court to become involved in such strategy decisions. " 'Except for those inquiries which are constitutionally mandated or are required by our rules; Practice Book, 1978, §§ 711–713; the court is not obliged to assume the role of the defendant's counselor.' " *State* v. *Eason,* 192 Conn. 37, 45, 470 A.2d 688 (1984), quoting *State* v. *Torres,* 182 Conn. 176, 184, 438 A.2d 216 (1980).

In this case the defendant does not claim that the trial court failed to advise him of the core rights enunciated in *Boykin,* and he does not challenge the trial court's canvass on the basis of noncompliance with the Practice Book. What he would have us do, however, is graft onto the federal constitutional principles of *Boykin* the explanation of possible pretrial strategies, a course best left to the advocacy of defense counsel and not the courts.[2]

---

[2] We note from the record and briefs that the defendant is pursuing a claim of ineffective assistance of counsel in a separate habeas corpus action.

The defendant characterizes this case as one involving unique circumstances, but we find this not to be so. The defendant here had a plea bargain that he chose to accept as an alternative to a suppression hearing and the risks of trial. The record is clear that the defendant, with a conspiracy charge and a violation of probation to be considered, wanted to accept the plea bargain. He was represented by counsel and was not a novice in the criminal justice system. At all appropriate times during the process, the defendant made tactical choices—not to proceed to trial, not to contest the search and to accept a very favorable plea bargain.[3]

Our limited review of the record discloses that the defendant's claim is not truly of constitutional proportions. "Putting a constitutional tag on a nonconstitutional claim will no more change its essential character than calling a bull a cow will change its gender." *State* v. *Gooch,* 186 Conn. 17, 18, 438 A.2d 867 (1982). Accordingly, the defendant has failed to satisfy the second requirement for *Evans* review.

There is no error.

In this opinion the other judges concurred.

---

[3] The total effective sentence facing the defendant upon a conviction included a twenty year maximum for the narcotics charge plus the twenty-one months for the violation of probation.