[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 7281
This action is a petition requesting habeas corpus relief from allegedly illegal incarceration resulting from a conviction of manslaughter first degree, in violation of Connecticut General Statutes Section 53a-55(a)(3), after a guilty plea, and for which the petitioner received a sentence of twenty years confinement, execution suspended after seventeen years, probation five years.
On December 16, 1985, the trial court was about to convene a probable cause hearing, under Connecticut General Statutes Section 54-46a, to determine if the petitioner would face a charge of murder. Instead, the petitioner and the prosecutor negotiated a plea agreement whereby the petitioner would plead guilty to a charge of manslaughter first degree rather than face the prospect of a prosecution for murder (Petitioner's Exhibit App. 10 and 11). The trial court canvassed the petitioner's guilty plea, found that it was knowingly and voluntarily made, and accepted the plea (Petitioner's Exhibit A, pp. 3 through 13). A portion of this colloquy was as follows:
 "THE COURT: All right. Now, you understand — or let me tell you that you have a right to plead not guilty and go to trial if you wish. You have a right also to give up your trial, but if you do, you give up several other rights that are guaranteed by the constitution. For example, you have a right to a trial, and you could elect to be tried by a jury or by a Court without a jury. Do you want to give up that right to a trial?
THE ACCUSED: Yes.
 THE COURT: Because you have a right to plead not guilty and go to trial. But you want to give that up?
THE ACCUSED: Yeah.
 THE COURT: If you went to trial, the state would have to produce evidence in order to try to establish, beyond a reasonable doubt, that you are CT Page 7282 guilty of some offense. If you plead guilty, they don't have to do that. Do you want to give up your right to have the state bring in evidence to try to prove your guilt?
THE ACCUSED: Yes.
 THE COURT: Do you want to have a trial, or give up your right to a trial?
THE ACCUSED: I'll give it up.
 THE COURT: If you went to trial, the state would bring in — have to bring in witness, and you have a right to have the state do that, so that you could see the witnesses and hear them, and confront them. If you plead guilty, you give up the right to have the state bring in witnesses so you can see and hear them. Do you want to give up your right to have witnesses brought in here?
 THE ACCUSED: I ain't got no witnesses, but I will.
THE COURT: You want to waive it, is that it?
 MR. EISENMAN: Is that right? The Judge said you want to waive your right.
THE ACCUSED: Yes."
(Petitioner's Exhibit A, pp. 4 through 6). The case was continued for sentencing.
A few days after the plea was accepted, the petitioner asked his attorney to obtain permission for him to withdraw his plea. In response, on January 13, 1986, the petitioner's attorney filed a motion to withdraw his plea, which motion asserted that there was an insufficient factual basis to support the guilty plea (Petitioner's Exhibit B, p. 2). On January 27, 1986, the petitioner, through his attorney, withdrew his motion to withdraw his guilty plea stating to the trial court that the petitioner authorized him to withdraw and "that means, of course, it will be permanently withdrawn and he understands that." (Petitioner's Exhibit B, CT Page 7283 p. 2). No subsequent motions to withdraw the plea were filed. The trial court conducted the sentencing hearing and imposed the sentence described above. The petitioner took no appeal from this conviction.
On May 30, 1986, the petitioner commenced this habeas action. In an amended petition, dated August 3, 1993, the date of the habeas hearing, the petitioner alleges, in the first count, that his incarceration is illegal in that his guilty plea was not knowingly and voluntarily entered. The second count of the petition was withdrawn before evidence was taken.
The sole claim urged by the petitioner at the habeas hearing was that the petitioner's answer to the trial court's inquiry regarding the petitioner's understanding of his right to confront and cross-examine any witnesses against him was nonresponsive, thus rendering his plea unknowing and involuntary. An examination of the colloquy set forth above indicates to this court that the petitioner misunderstood the question actually posed to him, i.e. whether he was willing to forego the opportunity to confront and cross-examine the State's witnesses, and instead believed he was answering a question not propounded, i.e. whether he was willing to forego presenting his own witnesses (Petitioner Exhibit A, pp. 5 and 6).
In defense against this habeas action, the respondent has raised the issue of the petitioner's procedural default in failing to move to withdraw his plea under Connecticut Practice Book Section 719 et seq. and in failing to appeal the conviction. The respondent argues that such procedural default invokes the "cause and prejudice" standard of reviewability set forth in Wainwright v. Sykes, 433 U.S. 72
(1977), which standard was adopted by our Supreme Court in Johnson v. Commissioner, 218 Conn. 403 (1991), p. 419.
 A.
The court first considers whether the cause and prejudice standard of reviewability applies to the facts of this case. Connecticut Practice Book Section 720 indicates that a defendant may withdraw his guilty plea as a matter of right but only before that plea has been accepted by the court. After acceptance, but before sentence is imposed, a CT Page 7284 defendant is permitted to withdraw his guilty plea upon proof of one of the grounds enumerated in Connecticut Practice Book Section 721. Section 721(1) indicates that one such ground is the failure of the trial court to comply with Connecticut Practice Book Section 711. Subsection (5) of Section 711 requires the court to insure that a defendant fully understands his trial rights, including his right to confront and cross-examine the witnesses against him, before accepting his plea of guilty. Thus, under Sections 720, 721(1), and 711 the petitioner had available to him a procedural mechanism for withdrawing his guilty plea based on his claim of misunderstanding his confrontation right, State v. Childree, 189 Conn. 114 (1983), p. 119. However, this procedure must be invoked before sentence is imposed because Section 720 precludes withdrawal of a guilty plea after sentencing.
The court holds that the failure of the petitioner to move to withdraw his guilty plea in a timely fashion and in accordance with our rules of practice is the kind of procedural default which requires a habeas court to undertake the cause and prejudice analysis to determine whether the habeas court will review the merits of the petitioner's claim. The burden to satisfy this standard before habeas review of his claim is on the petitioner, Johnson v. Commissioner, supra, p. 419. The court finds that the petitioner has failed to meet his burden in this regard.
 B.
The evidence produced at the habeas hearing disclosed no cause to excuse the failure to move to withdraw the guilty plea before sentence was imposed. As indicated above, the petitioner had filed such a motion regarding a lack of factual basis for his plea but then withdrew his motion with the full understanding that it was "permanently" withdrawn. Cause means good cause, Johnson v. Commissioner, supra, p. 420. The mere fact that the petitioner or his attorney failed to recognize or failed to raise after recognizing this claim does not constitute good cause, Ibid., p. 422.
The existence of good cause for a procedural default must ordinarily turn on whether "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," Murray v. Carrier, CT Page 7285477 U.S. 478 (1986), p. 488 (emphasis added). No evidence of any external impediment was presented at the habeas hearing, such as an unanticipated change in the law. To the contrary, as noted above, the record discloses that the petitioner was well aware of the opportunity to move to withdraw his guilty plea under our rules, having utilized this procedure, and later he knowingly and affirmatively abandoned it. Instead, he elected to take advantage of the plea agreement, despite possible flaws in the canvass of his plea, and allowed the court to impose sentence.
It must be kept in mind that the petitioner has not pursued any claim that his trial attorney rendered ineffective assistance with respect to his plea or his decision not to pursue a motion to withdraw that plea. Good cause, sufficient to excuse procedural default, exists when the default is the result of ineffective assistance, however, a claim of ineffective assistance must be presented to the habeas court "as an independent claim before it may be used to establish cause for a procedural default," Ibid., p. 489.
 C.
The petitioner argues that this court ought to dispense with the cause and prejudice standard of reviewability because the claimed error pertains to a fundamental constitutional right, i.e. his right to a knowing and voluntary plea. This argument was rejected in Johnson v. Commissioner, supra. In that case, the petitioners claimed that their convictions were obtained as a result of violations of their fundamental, constitutional right to a jury and grand jury composed of a fair cross section of the community. Yet, our Supreme Court still used that case to adopt the cause and prejudice standard. The Court found that the petitioners' claims of fundamental, constitutional deprivations failed to satisfy the cause and prejudice standard and denied a review of their claims, Ibid, p. 409. In reaching this conclusion the Court expressly disavowed its own dicta in Payne v. Robinson, 207 Conn. 565 (1988), p. 569, which dicta had suggested that an Evans/Golding type exception might apply in a collateral proceeding where the unpreserved claims "facially implicate fundamental constitutional rights," Johnson v. Commissioner, supra, pp. 414 to 416. The Supreme Court went on to hold that an Evans exception rule for claims of fundamental, constitutional CT Page 7286 violations is inapplicable in a habeas case, Ibid., p. 416.
By abandoning the procedure available to withdraw his guilty plea, the petitioner deprived the trial court of the opportunity to rectify any defect with a minimum delay. Also, the procedural default deprived an appellate tribunal of the opportunity to review the claim on direct appeal, had the trial court declined to permit the petitioner to withdraw his plea.
Because the petitioner has failed to satisfy the cause and prejudice standard of reviewability with respect to his procedural default in declining to pursue a motion to withdraw his guilty plea under Connecticut Practice Book Section 720, the court dismisses the petition without deciding the merits of the claim.
BY THE COURT,
Samuel J. Sferrazza Judge, Superior Court