[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
David B. Rozwaski for plaintiff.
Richard Lynch, John J. Dropick and Stephen Vitelli for defendant.
The petitioner, William J. Connelly, initiated this habeas corpus action on June 11, 1993, alleging that he was deprived of the effective assistance of counsel at the time of his trial in April of 1990, as well as certain of his constitutional rights. The petitioner was found not guilty by reason of insanity on two counts of kidnapping in the second degree and two counts of assault in the second degree. On October 26, 1990, the petitioner was committed to the Department of Mental Health for a period of ten years, and now petitions this court to reopen his case and remand him to the custody of the Department of Corrections for a new trial. He alleges that his original counsel's advice was inadequate and incomplete with regard to the decision to pursue a defense based on mental disease or defect, and further that he was inadequately informed of the charges against him and of his right to a jury trial. The parties CT Page 8185 appeared before this court on June 9, 1994, and argument and testimony was presented by both sides.
The petitioner's primary claim is based upon an alleged violation of his right to the effective assistance of counsel, a right that is firmly grounded in the Sixth andFourteenth Amendments of the United States Constitution, as well as article first, § 8 of the Connecticut constitution. Stricklandv. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984); Levine v. Manson, 195 Conn. 636, 640,490 A.2d 82 (1985). He has also maintained both at his earlier commitment hearing and in his current habeas petition that he wanted a jury trial as well as a chance to present evidence and testify in his own defense. The petitioner's right to a jury trial is a fundamental constitutional right; State v.Crump, 201 Conn. 489, 518 A.2d 378 (1986); and his right to testify in his own behalf is essential to due process of law and a fair adversarial proceeding. Rock v. Arkansas,483 U.S. 44, 51-53, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987); seeState v. Davis, 199 Conn. 88, 506 A.2d 86 (1986).
"[A] defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." State v. Golding, 213 Conn. 233,239-40, 567 A.2d 823 (1989). After hearing the matter and reviewing the evidence and transcripts presented, this court is persuaded that the petitioner's claim of a violation of his constitutional right to a trial by jury is dispositive of the present petition, and accordingly this court will grant the relief requested by the petitioner on this ground.
The crucial defect in the prior criminal proceedings that concerns this court is the absence of any record that the petitioner waived his right to a trial by jury. Any waiver of the right to a jury trial must be done knowingly and intelligently, accomplished with sufficient awareness of the relevant circumstances and likely consequences. State v.Shockley, 188 Conn. 697, 706, 453 A.2d 441 (1982). A court CT Page 8186 will not presume a waiver of this fundamental constitutional right from a silent record. Id, 707; see Boykin v.Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274
(1969). Moreover, Practice Book § 839 requires that "[i]f at the time he is put to plea, he elects a trial by the court, the judicial authority shall advise the defendant of his right to a trial by jury." See also General Statutes § 54-82b.
The transcript of the pretrial hearing before Judge Fasano, provided by respondent at this court's request, reveals the following comments:
 MR. MURPHY (Asst. State Attorney): He has filed a motion for a claim of defense of mental defect, or in any case your Honor, it appears to be a motion that the State probably is not going to contest and to make a final decision and so, we would need to set this down for a court trial and it being non-contested, his court trial, I talked to Judge Dunn about this.
. . .
THE COURT: All right. April 20th.
 MR. DALY (Defense Counsel): Thank you, your Honor. That's fine, your Honor. The situation is exactly as Mr. Murphy has expressed it, your Honor. In fairness to Mr. Connelly, in that situation then Mr. Connelly makes a motion for the jury trial that's — I would just like the record to indicate that.
 MR. MURPHY: At this point, there is — this would be an uncontested one. Okay.
. . .
 THE COURT: Did Mr. Connelly waive his right to a jury trial on the record?
 MR. MURPHY: He has not at this point, your Honor.
THE COURT: There may be some question as to that.
MR. DALY: Thank you, your Honor.
Transcript of Pretrial Hearing, March 26, 1990, Attached as CT Page 8187 Addendum #1 to Respondent's Brief. Even a cursory review of the rather erratic discussion at this pretrial raises concern about a possible misunderstanding about the exact plea and/or procedure contemplated by both sides. The transcript further indicates that Mr. Connelly was incarcerated at the time of this hearing and was not present before the court.
The transcript of the petitioner's subsequent court trial contains the following discussion:
 MR. MURPHY: Your Honor, regular docket No. 41, William Connelly. He is in custody. The State is ready to proceed. Mr. Connelly has elected a court trial, and I think that was done on a prior occasion.
 MR. DALY: Yes, it was. That's a fact, your Honor.
Transcript of Court Trial, April 20, 1990, Attached as Addendum #3 to Respondent's Brief. There is no indication in any record in the file, nor was there any evidence presented before this court, that either judge presiding over the petitioner's criminal proceedings had the opportunity to question the petitioner with respect to his election of a court trial. The court, while recognizing the need to canvass the defendant in this respect, was apparently unable to do so at the pretrial hearing. A subsequent court, relying on the representations of counsel, considered the issue resolved. The record is therefore silent as to any waiver of the petitioner's trial rights.
Moreover, the record also demonstrates a possible misunderstanding as to whether the intended approach of defense counsel was a plea of not guilty by reason of insanity, or rather a defense based on temporary insanity or extreme emotional disturbance. The petitioner maintains that the latter was the intended approach in the case, and the transcript of the pretrial hearing does not conclusively dispose of this contention. This raises an additional concern that the petitioner's plea may not have been entered knowingly and voluntarily. "It is axiomatic that unless a plea of guilty is made knowingly and voluntarily, it has been obtained in violation of due process and is therefore voidable." State v. Childree, 189 Conn. 114, 119,454 A.2d 1274 (1983). A plea of not guilty by reason of insanity should also be made knowingly and voluntarily. Miller v.Angliker, 848 F.2d 1312, 1319-20 (CA2 1988). Although not expressly required under the Practice Book in these CT Page 8188 circumstances, a canvass of the petitioner as to the nature and consequences of his plea may have prevented the constitutional infirmities now at issue. See Practice Book § 711.
At the very least, the record clearly indicates that due to circumstances occurring during the prior criminal proceedings the court never made inquiry of the petitioner as to any election or waiver of his right to a jury trial. This court cannot presume a knowing and intelligent waiver of this fundamental constitutional right in the absence of any statement by the petitioner or the court in his presence. See State v. Anonymous,36 Conn. Sup. 551, 421 A.2d 867 (1980); State v. Shockley, supra. Under the circumstances presented by the record in this case, this court must find that the petitioner did not knowingly and voluntarily waive his constitutional right to a jury trial. The failure to secure a satisfactory waiver of his constitutional rights renders the petitioner's plea involuntary. State v.Anonymous, supra, 582.
Accordingly, pursuant to General Statutes § 52-493, this court hereby orders that the petitioner's acquittal by reason of insanity is vacated. A writ of habeas corpus is hereby issued. This order is stayed for forty (40) days from the date hereof. If the State's Attorney having jurisdiction elects to proceed anew with criminal charges, the petitioner shall be presented to the court for arraignment thereon. If not so done within said 40 days the petitioner is ordered released from custody.
For the setting of a new bond and removal to the custody of the Commissioner of Corrections, if appropriate, it is suggested that the Commissioner consider administrative transfer of the petitioner to Whiting Forensic Institute pending trial.
It is so ordered.
HIGGINS, J.