STATE OF CONNECTICUT *v.* WILFREDO RAMOS
(8608)

SPALLONE, DALY and NORCOTT, Js.

Argued June 14—decision released August 28, 1990

1

*Vicki H. Hutchinson,* for the appellant (defendant).

*Paul J. Ferencek,* deputy assistant state's attorney, with whom, on the brief, were *John A. Connelly,* state's attorney, *Bradford Ward* and *Corinne Klatt,* assistant state's attorneys, for the appellee (state).

NORCOTT, J. The defendant appeals from the trial court's denial of his motions to withdraw his plea entered pursuant to the *Alford* doctrine.[1] The defendant entered his plea to the charge of sexual assault in the first degree in violation of General Statutes § 53a-70. He was initially charged with a second count of risk of injury to a child in violation of General Statutes § 53-21, but that charge was nolled by the state at the time of sentencing as part of the plea agreement.[2] On August 7, 1989, the trial court conducted a thorough canvass of the defendant pursuant to Practice Book §§ 711 and 712, and after the court was satisfied that a sufficient factual basis existed, pursuant to Practice Book § 713, it accepted the defendant's plea. After entering a finding of guilty on the count of sexual assault in the first degree, the court ordered a presentence report and set a sentencing date for September 29, 1989.

On the date of sentencing, the defendant's counsel indicated to the court that the defendant wished to withdraw his plea.[3] Faced with this unanticipated situation, the trial court, after a brief discussion with the

[1] Under an *Alford* plea, a defendant consents to sentencing as if he were guilty. He acknowledges only that the state has enough evidence to convict him without expressly acknowledging his guilt. *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] The state claimed that the defendant had forcible sexual intercourse with a thirteen year old girl.

[3] Defense counsel represented to the court that on the morning of the first scheduled sentencing hearing, the defendant asked "What am I going

defendant concerning the August 7 plea canvass, treated defense counsel's representation as an oral motion to withdraw the plea, ordered a transcript of that plea canvass and continued the matter for a new sentencing date.

On October 6, 1989, the matter was returned to court for sentencing, and the defendant again attempted to withdraw his plea. The court, after reviewing the transcript of the August 7, 1989 plea canvass, denied the defendant's motion and sentenced the defendant to the previously agreed recommendation for sentencing of fifteen years, execution suspended after ten years, five years probation.[4] This appeal then ensued.

The defendant's first two claims are interrelated. He argues that, contrary to the requirements of Practice Book §§ 712, 720 and 721, the trial court improperly accepted his guilty plea because that plea was not entered voluntarily, knowingly and intelligently and was the result of promises apart from the plea agreement. He further challenges the trial court's refusal to grant his motion to withdraw his plea of guilty or to have an evidentiary hearing on the motion to withdraw his guilty plea. We affirm.

"It is axiomatic that unless a plea of guilty is made knowingly and voluntarily, it has been obtained in violation of due process and is therefore voidable." *State* v. *Childree,* 189 Conn. 114, 119, 454 A.2d 1274 (1983). By entering a guilty plea, the defendant waives his constitutional rights to a jury trial and to confront his

---

to get," and defense counsel informed him of the sentence that the court indicated it would impose. Defense counsel then told the court that the defendant had said that if that would be the sentence imposed, he would withdraw his plea.

[4] The trial court also terminated a pending probation, ordering the execution of the sentence that had been suspended. That termination had no effect on this sentence, as the two sentences were to run concurrently.

accusers as well as his privilege against self-incrimination. *Boykin* v. *Alabama,* 395 U.S. 288, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *State* v. *Wright,* 207 Conn. 276, 542 A.2d 299 (1988). It is well settled that the record must affirmatively disclose "that the defendant's choice was made intelligently and voluntarily." *State* v. *Childree,* supra, 120.

Our careful review of this entire record, including a close scrutiny of the transcripts, leads us to conclude that the trial court was correct in accepting the defendant's plea as voluntarily and knowingly given. At the time he entered his *Alford* plea, the defendant was twenty-one years old and had had prior experience with the criminal justice system.[5] The defendant's counsel assured the court that the defendant did not require the services of an interpreter, and the record does not reflect that the defendant had difficulty understanding the trial court.

At best, the record does reflect some initial confusion in the dialogue at the plea canvass after the court asked the defendant if he understood that there would be no trial and that the matter would be continued for sentencing pending the receipt and review of a presentence report. The pertinent part of this dialogue was as follows:

"The Court: So you understand if I accept your guilty plea there is not going to be any trial. I'm going to refer the matter to the department of adult probation. They are going to do a presentence investigation and report to the court after which you'll be sentenced. You understand that? Is that what you're willing to do, sir?

"Mr. Quinn: He said I would like the assault dropped. I would like to fight it.

---

[5] At the time of the plea canvass the defendant was on probation for conviction of risk of injury to a child.

"The Court: I'm sure you'd like to have a lot of things dropped. *Is that the other count?*

"Mr. Ward: *The risk of injury.*

"Mr. Quinn: *Risk of injury.*

"The Court: *That is going to be nolled.* You understand I'm going to refer this matter to the department of adult probation and when the report is prepared, you're going to be sentenced? Do you understand that?

"Mr. Ramos: Yes." (Emphasis added.)

The defendant argues that his lawyer's representation that the defendant wanted "the assault dropped" referred to the crime of sexual assault in the first degree to which he had just entered an *Alford* plea. In the context of the entire proceeding, we find this argument to be unconvincing.

We first note that just prior to the seemingly ambiguous representation of the defendant's counsel, the defendant had clearly responded "guilty" to the charge of sexual assault in the first degree that was put to him by the clerk of the court. Next, the assistant state's attorney clearly recited the factual basis for the charge of sexual assault in the first degree, after which he put on the record the agreed recommendation for sentencing, that is, fifteen years suspended after ten years, five years probation. The court then informed the defendant that it wanted to be assured that the defendant understood what he was doing and that he was doing so "freely and voluntarily." The court then conducted a thorough and exhaustive canvass that included the defendant's assurance that no promises had been given him in exchange for his plea other than the agreed recommendation. The court reviewed the elements of an *Alford* plea, after which the defendant replied affir-

matively to the court's question of whether he believed that he would probably be found guilty of the crime of *sexual assault in the first degree.*

Finally, the court asked the defendant: "The bottom line is this, you understand that once your guilty plea is accepted it can't be withdrawn unless the court decided not to impose that sentence that it indicated it would impose on [you or] for some other good cause with the court's permission. Do you understand?" To this, the defendant responded, "Yes, sir."

It is clear from our review that whatever unreported words transpired between the defendant and his counsel, the record supports the court's conclusion that the defendant had voluntarily and knowingly pleaded guilty to the charge of sexual assault in the first degree. The record also supports the state's position that any reference to a charge being dropped referred to the count of risk of injury, which, in fact, was nolled as part of the plea agreement.

The defendant also challenges the court's denial of his motion to withdraw his plea, pursuant to Practice Book §§ 720 and 721, on the same ground, that is, that his plea was involuntarily and unknowingly made. We again disagree.

"A guilty plea, once accepted, may be withdrawn only with the permission of the court. *State* v. *Rish,* 17 Conn. App. 447, 451, 553 A.2d 1145, cert. denied, 211 Conn. 802, 559 A.2d 1137, cert. denied, 493 U.S. 818, 110 S. Ct. 72, 107 L. Ed. 2d 38 (1989). The court is required to permit the withdrawal of a guilty plea upon proof of any ground set forth in Practice Book § 721. *State* v. *Collins,* 207 Conn. 590, 597, 542 A.2d 1131 (1988); *State* v. *Lasher,* 190 Conn. 259, 265, 460 A.2d 970

(1983). Whether such proof is made is a question for the court in its sound discretion, and a denial of permission to withdraw is reversible only if that discretion has been abused. *State* v. *Crenshaw,* [210 Conn. 304,] 308–309 [, 554 A.2d 1074 (1989)]; *Szarwak* v. *Warden,* 167 Conn. 10, 23, 355 A.2d 49 (1974)." *State* v. *Morant,* 20 Conn. App. 630, 633, 569 A.2d 1140 (1990).

The record reveals that on September 29, 1989, the original sentencing date, the defendant gave the following reasons for withdrawing his plea: (1) surprise at the plea agreement, (2) "plenty of promises which never happened," and (3) intimidation, purportedly by his own counsel. These reasons, at best, were an expansion of the ground for withdrawal on August 7, 1989, which was the desire to "fight" the sexual assault charge. The court then prudently ordered the transcript of the August 7 plea canvass and continued the matter until it could review that transcript.

At the rescheduled sentencing hearing, the defendant, in response to the court's question as to the ground for the withdrawal of his plea, reported the following: "Well, from my understanding, when I came from downstairs, [defense counsel] himself had told me it was going to be dropped to second degree and the time was going to be less . . . to more or less balance out with the time I got on my probation. And he told me just to agree to whatever [the court] say." The defendant's counsel made no statement for the record on this issue. The trial court concluded that the defendant's story was "less than frank and truthful" and denied the motion to withdraw the plea. It then concluded that the defendant's representations should be treated as a claim of ineffective assistance of counsel, and, as such, they should be left for a habeas court to address.

From our review, we find that the trial court correctly concluded that the defendant put forth no plau-

sible reason for withdrawing his plea and that he should not be granted an evidentiary hearing. "Ordinarily, a defendant is not allowed to withdraw his plea of guilty, nor is he entitled to an evidentiary hearing to determine the voluntariness of his plea, merely because he makes a general allegation that his plea was involuntary. *State* v. *Torres,* 182 Conn. 176, 185, 438 A.2d 46 (1980)." *State* v. *Morant,* 13 Conn. App. 378, 384, 536 A.2d 605 (1988). We cannot say here that the trial court abused its sound discretion in determining that no basis for a plea withdrawal existed after hearing the defendant and his counsel on three different occasions and after carefully reviewing the transcript of his own plea canvass.

Furthermore, the trial court correctly refused to hold an evidentiary hearing on the motion to withdraw the plea. "In considering whether to hold an evidentiary hearing on a motion to withdraw a guilty plea the court may disregard any allegations of fact, whether contained in the motion or made in an offer of proof, which are either conclusionary, vague or oblique." *State* v. *Lasher,* supra, 266. In light of the entire proceeding, we find the defendant's contention that he was entitled to an evidentiary hearing on his motion to be without merit.

Finally, the defendant claims that the court failed to advise him correctly of the mandatory minimum sentences as well as the possible maximum sentences. We note that this claim was not presented to the trial court. We have repeatedly held that we will not review such unpreserved claims regarding plea canvasses where the defendant received the exact sentence to which he agreed by virtue of the plea agreement and where "the record does not indicate that fundamental injustice was done, even if this was an error of constitutional propor-

tions. *State* v. *Luca,* 19 Conn. App. 668, 671, 563 A.2d 752 (1989)." *State* v. *Morant,* supra, 20 Conn. App. 630, 634.

The judgment is affirmed.

In this opinion the other judges concurred.