STATE OF CONNECTICUT *v.* REGINALD
DWAYNE SPENCE
(10608)

DALY, O'CONNELL and HEIMAN, Js.

Argued September 14—decision released October 20, 1992

*M. Donald Cardwell,* for the appellant (defendant).

*Leon F. Dalbec, Jr.,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Paul Murray,* senior assistant state's attorney, for the appellee (state).

DALY, J. This appeal arises out of the defendant's claim that the trial court improperly refused to grant his motion to withdraw his plea of guilty[1] entered pursuant to the *Alford* doctrine.[2] The defendant, Reginald Spence, argues that his plea was involuntary and was accepted without substantial compliance with Practice Book §§ 720[3] and 721.[4] We affirm the judgment of the trial court.

---

[1] The defendant actually filed a motion to vacate his plea under Practice Book § 720, the purpose of which was the same as a motion to withdraw the guilty plea. For purposes of this opinion, we shall refer to the motion as a motion to withdraw the plea.

[2] See *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[3] Practice Book § 720 provides in pertinent part: "A defendant may withdraw his plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his plea upon proof of one of the grounds in Sec. 721. . . ."

[4] Practice Book § 721 provides: "The grounds for allowing the defendant to withdraw his plea of guilty after acceptance are as follows:

"(1) The plea was accepted without substantial compliance with Sec. 711;

"(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed;

"(3) The sentence exceeds that specified in a plea agreement which had been previously accepted, or in a plea agreement on which the court had deferred its decision to accept or reject the agreement at the time the plea of guilty was entered;

"(4) The plea resulted from the denial of effective assistance of counsel;

"(5) There was no factual basis for the plea; or

"(6) The plea either was not entered by a person authorized to act for a corporate defendant or was not subsequently ratified by a corporate defendant."

The following facts are relevant to the resolution of this appeal. On May 16, 1991, the defendant entered a plea of guilty to the first count of an original information charging sale of narcotics by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b). He was also charged in the same information with conspiracy to distribute narcotics in violation of General Statutes §§ 21a-277 (a) and 53a-48, but this charge was nolled.

The defendant's plea stems from his involvement in a cocaine sale that occurred on October 24, 1989. The defendant initially retained Attorney Wesley S. Spears to represent him and subsequently retained Attorney M. Donald Cardwell. On May 15, 1991, Cardwell filed an appearance on behalf of the defendant. His appearance was struck by the trial court the following day because he was unable to appear for jury selection. The trial court ordered that jury selection be conducted by Spears, who was present, and that the commencement of the taking of evidence be deferred to allow Cardwell to represent the defendant at trial. Before jury selection began, the defendant decided to plead guilty. The trial court held a subsequent hearing that day where the defendant entered a guilty plea pursuant to the *Alford* doctrine. The trial court accepted the defendant's plea after determining that it was made knowingly and voluntarily in accord with Practice Book §§ 711 and 712.[5]

---

[5] Practice Book § 711 provides: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sen-

On July 9, 1991, Cardwell filed a second appearance with the court. At the defendant's sentencing hearing on August 23, 1991, the trial court heard arguments on the defendant's motion to withdraw his guilty plea in which he claimed that the plea was involuntary and was accepted without substantial compliance with Practice Book § 711. The defendant maintained that he was coerced into pleading guilty by the trial court in its canvass because the trial court stressed that the defendant would have received a sentence of twenty years had he gone to trial and been convicted. The defendant argued that this coercion rendered the plea involuntary. The trial court disagreed and denied the defendant's motion. The defendant was then sentenced to eight years in the custody of the commissioner of correction.

The defendant claims on appeal that the trial court's refusal to permit him to withdraw his guilty plea was improper (1) because the plea was accepted without substantial compliance with the requirements of Practice Book § 711; see Practice Book § 721 (1); and (2) because his plea was not knowingly and voluntarily made. See Practice Book § 721 (2). We find the defendant's claims to be without merit.

---

tences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he has the right to be tried by a jury or a judge and that at that trial he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself."

Practice Book § 712 provides: "The judicial authority shall not accept a plea of guilty or nolo contendere without first determining, by addressing the defendant personally in open court, that the plea is voluntary and is not the result of force or threats or of promises apart from a plea agreement. The judicial authority shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the prosecuting authority and the defendant or his counsel."

I

The defendant first claims that the trial court's denial of his motion to withdraw his guilty plea was improper because he had satisfied the first ground for withdrawal under Practice Book § 721. "After a guilty plea is accepted but before the imposition of sentence the court is obligated under [Practice Book § 720] to permit withdrawal upon proof of one of the grounds in § 721." *State* v. *James*, 197 Conn. 358, 361, 497 A.2d 402 (1985). It is the defendant's burden to demonstrate a plausible reason for the withdrawal of a guilty plea. *State* v. *Crenshaw,* 210 Conn 304, 309, 554 A.2d 1074 (1989); *State* v. *Rish,* 17 Conn. App. 447, 451, 553 A.2d 1145, cert. denied, 211 Conn. 802, 559 A.2d 1137, cert. denied, 493 U.S. 818, 110 S. Ct. 71, 107 L. Ed. 2d 38 (1989). The trial court determined that none of the grounds set forth in Practice Book § 721 had been established by the defendant to justify withdrawal of his plea.

" '[O]nce entered, a guilty plea cannot be withdrawn except by leave of the court, within its sound discretion, and a denial thereof is reversible only if it appears there has been abuse of discretion.' " *State* v. *Crenshaw,* supra, 308–309, quoting *Szarwak* v. *Warden,* 167 Conn. 10, 23, 355 A.2d 49 (1974); *State* v. *Ramos,* 23 Conn. App. 1, 7, 579 A.2d 560 (1990). Practice Book § 721 (1) provides that a motion to withdraw a plea of guilty may be granted if the court failed to comply substantially with Practice Book § 711. The defendant asserts that the purpose of § 711 was not satisfied when the court accepted his guilty plea because of certain statements made by the trial court during its canvass of the defendant. The defendant's claim is not supported by the record.

It is important to note that the defendant does not claim that the trial court failed to comply with a spe-

cific subsection of § 711. Instead, he asseverates that, contrary to the purpose underlying § 711, the trial court on three occasions indicated that the defendant would receive a sentence of twenty years if he elected to proceed to trial and was convicted.[6] Our Supreme Court has stated that the purpose underlying Practice Book § 711 is to ensure that a defendant's guilty plea is knowing and voluntary pursuant to the principles embodied in *Boykin* v. *Alabama,* 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). *State* v. *Badgett,* 200 Conn. 412, 418, 512 A.2d 160 (1986); *State* v. *Godek,* 182 Conn. 353, 356–57, 438 A.2d 114 (1980), cert. denied, 450 U.S. 1031, 101 S. Ct. 1741, 68 L. Ed. 2d 226 (1981). The defendant contends that § 711 requires that he understand the range of possible sentences. This purpose was not fulfilled, according to the defendant, because the trial court's suggestion, allegedly made during the plea canvass, that there was no possibility that he would receive less than the maximum sentence if he was found guilty at trial was "subtly coercive."[7]

It is evident from the record before us that the defendant was not misled or coerced by the trial court's

[6] The defendant's arguments are based on the following three exchanges during the canvass. The trial court asked: "Your lawyer is claiming that you are drug dependent but he is entering his plea to accept my indicated sentence rather than go to trial and get twenty years, am I right?" The defendant responded in the affirmative.

The court then explained that the defendant could receive an additional three years to any sentence he would have received because of his probation violation. "Three years. You could get that on top of the twenty years in this case, do you understand that?" The defendant responded, "Yes."

Later in the canvass, the trial court inquired: "What you have done, and tell me if I am wrong, you have made the best deal you can make rather than go to trial and get twenty years, am I right?" The defendant replied, "Yes."

[7] The defendant refers us to the Supreme Court's statement, "[i]gnorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality." *Boykin* v. *Alabama,* 395 U.S. 238, 242–43, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

statements. In fact, the trial court explained the full range of possible sentences facing the defendant.[8] Thus, the record does not support the defendant's claim that he was induced to believe that a range of sentencing was not available to him. After careful consideration of the record and the transcripts, we conclude that the defendant was not coerced, subtly or otherwise, into pleading guilty as a result of the court's statements, and that the trial court substantially complied with § 711. Therefore, the trial court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea.

## II

The defendant next claims that his guilty plea was not made knowingly and voluntarily as is required by Practice Book §§ 712, 720 and 721. The defendant argues that through those same three statements; see footnote 6, supra; the trial court "subtly" coerced him into believing that if he did not plead guilty, he would definitely receive a twenty year sentence. Pursuant to § 721 (2), a trial court may allow a defendant to withdraw a guilty plea if it was not made knowingly and voluntarily.

" 'It is axiomatic that unless a plea of guilty is made knowingly and voluntarily, it has been obtained in violation of due process and is therefore voidable.' " *State* v. *Ramos,* supra, 3, quoting *State* v. *Childree,* 189 Conn. 114, 119, 454 A.2d 1274 (1983). The record must dis-

---

[8] "The Court: Now, you pled to a felony. You could get not less than five nor more than twenty years, the minimum mandatory sentence of five years. You commit the offense when you possess narcotics with intent to sell or you sell narcotics and you are a non-drug dependent person, do you understand that?

"Mr. Spence: Yes."

The court later explained that, in addition to the twenty years, the defendant could receive three years for a violation of his probation on another matter.

close that a plea of guilty was made voluntarily and intelligently. *State* v. *Lasher,* 190 Conn. 259, 265, 460 A.2d 970 (1983). This is necessary because a defendant who pleads guilty waives certain constitutional rights, including his privilege against self-incrimination, his right to trial by jury, and his right to confront his accusers. *McCarthy* v. *United States,* 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969); *State* v. *Childree,* supra, 120. Because of the effect of the guilty plea, courts must ensure that defendants grasp the meaning and consequences of such a plea. *Boykin* v. *Alabama,* supra, 243–44; *State* v. *Childree,* supra.

" 'A determination as to whether a plea has been knowingly and voluntarily entered entails an examination of all of the relevant circumstances.' " *State* v. *Crenshaw,* supra, 309, quoting *State* v. *Wright,* 207 Conn. 276, 287, 542 A.2d 299 (1989). Our review of the record and transcripts of the May 16, 1991 plea hearing demonstrates that the defendant knowingly and voluntarily entered his *Alford* plea. The court personally addressed the defendant and conducted a thorough canvass. The court displayed concern about the defendant's decision to change his plea to guilty. The defendant assured the court that the plea was not being made because Cardwell was unavailable to represent him for jury selection.[9]

The trial court repeatedly asked the defendant whether anyone was forcing him to plead guilty.[10] Dur-

---

[9] For example, the following exchange occurred during the canvass:

"The Court: So in no way is your change of plea reflected upon the fact that Mr. Cardwell is not here and you feel forced or pressured by me or anyone else?

"Mr. Spence: No."

[10] "The Court: Now, has anyone forced you to plead guilty?

"Mr. Spence: No.

"The Court: Anyone threaten you to plead guilty?

ing the canvass, the defendant acknowledged that he understood the charge to which he was pleading guilty, that he understood he was waiving his constitutional rights by pleading guilty,[11] and that he had discussed the plea with his attorney. The defendant also acknowledged that the state had enough evidence to convict him as is required under the *Alford* doctrine.[12] On the basis of this canvass, the trial court found that the defendant's plea was knowing and voluntary.

While it is true that "[t]he length of time a defendant may have to spend in prison is clearly crucial to a decision of whether or not to plead guilty"; *State* v. *Collins,* 176 Conn. 7, 9–10, 404 A.2d 871 (1978); the defendant has failed to establish that the court's statements caused him to plead guilty involuntarily or unknowingly. We conclude that the defendant's plea was knowingly and voluntarily made pursuant to Practice Book § 721 (2).

The judgment is affirmed.

In this opinion the other judges concurred.

---

"Mr. Spence: No."

Later in the proceeding the following exchange occurred:

"The Court: So no one forced or threatened you, am I right?

"Mr. Spence: Yes."

[11] "The Court: By pleading guilty you give up your right to continue to plead not guilty, have a trial before a judge or a jury, have an attorney represent you at that trial, present a defense, confront your accusers, cross-examine witnesses and also your right against self-incrimination, do you understand?

"Mr. Spence: Yes."

[12] After the state explained the evidence against the defendant the court stated, "Mr. Spence, you pled guilty pursuant to the Alford Doctrine. You are not admitting that you made a sale or had the drugs. You are not admitting you are non-drug-dependent. You plead to accept a sentence of eight years and secondly if the case [went] to trial it would have been more probable than not you would have been convicted, do you understand that?" The defendant replied, "Yes."