[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is a habeas matter. In August, 1994, the petitioner, John Kearney, was arrested and charged with the murder of his wife, Donna, in violation of General Statutes, Section 53a-54. On December 19, 1995, Kearney entered a plea of guilty, under the "Alford" doctrine,North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162
(1969), to the charge of murder. The plea was entered pursuant to a plea agreement, whereby, in exchange for the plea, the state would recommend a sentence of 42 years, suspended after 30 years with a period of probation and special conditions left up to the court, the petitioner retaining the right to argue for a lesser sentence.
At the time of plea, the trial court canvassed the petitioner and found his plea to be made knowingly and voluntarily, with the assistance of competent counsel. On January 31, 1996, the court sentenced the petitioner to a term of imprisonment of 42 years, suspended after 30 years.
The petitioner's pro se petition was filed on March 19, 1998. Counsel was appointed for the petitioner and on January 12, 2000, a hearing was held on the petitioner's second amended petition. The parties filed briefs after trial.
 II
CT Page 4943
The petition is in two counts. Count One alleges unlawful confinement by reason of ineffective assistance of counsel. Count Two alleges unlawful confinement by reason of the trial court's failure to ensure that the petitioner's plea was knowing, intelligent and voluntary.
A habeas petitioner claiming a deprivation of his constitutional right to effective assistance of counsel has the burden of showing that: (1) the performance of his counsel was "deficient" in that it was outside the range of reasonable professional assistance of a competent trial or appellate lawyer; and (2) that the deficient performance "prejudiced" the petitioner such that there is a reasonable probability that but for the deficient performance of counsel, the result of the proceeding would have been different,Strickland v. Washington, 466 U.S. 668, 687-94, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984). A criminal defendant, moreover, is entitled to adequate and effective assistance of counsel at all critical stages of legal proceedings, Id., at 686. Pretrial negotiations implicating the decision of whether to plead guilty is a critical stage in criminal proceedings, Colson v. Smith, 438 F.2d 1075, 1078 (5th Circuit, 1971). In Hill v. Lockhart, 474 U.S. 52, 57, 56, the United States Supreme Court determined that the Strickland test applied to claims arising from the plea negotiation process, while modifying the prejudice prong as applied to pleas. Under Hill, the petitioner is required to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial", and, moreover, that there is a reasonable likelihood that the outcome after trial would have been more favorable to the petitioner than the outcome of his decision to enter his Alford plea, Id., at 59; Copas v. Commissioner,234 Conn. 139, 162.
There is a strong presumption that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, Strickland v. Washington supra, at 689-90. A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice, Nardini v. Manson, 207 Conn. 118, 124.
 III
The facts underlying the petitioner's claims include the following: The victim was found dead in her bed at home. She had suffered blunt trauma to the head and two knife wounds. Any of these injuries could CT Page 4944 have been the cause of death. There were no signs of forced entry. The petitioner stated he had job-related and marital problems. His wife had indicated she wanted a divorce. On the night of her death, the petitioner stated he and his wife had been drinking in an area restaurant. They returned home, she went to bed, while he watched television. He later joined her in bed and awoke in the morning to find her dead beside him. He arose, fed the cats, went out to walk a neighbor's dog, returned home, changed and attended a wedding and the wedding reception, and again returned home, where he wrote two notes, implicating himself in the killing, inflicted some superficial injuries to his wrists and spent the night. On the following day he went to his mother's home, told her what had occurred, and the police were called. While the petitioner generally has conceded that the only reasonable explanation is that he killed his wife, he has consistently maintained he has no recollection of the incident.
 IV
The petitioner spent some forty seven days in prison before being released on bond. He was represented in the trial court by Attorney Edward Androski. After being released on bond, the petitioner consulted a psychiatrist, Louis Trevisan. Androski undertook plea negotiations with the state's attorney. It was the petitioner's understanding that Androski would seek to persuade the state to agree to a charge of manslaughter. At the habeas hearing, Androski testified the state's attorney would consider a reduced charge only if the defense could produce some psychiatric support for the reduction. Trial counsel informed the petitioner of the state's attorney's position on this issue. Learning of the petitioner's involvement with Trevisan, Androski had contacted Trevisan and discussed the petitioner's case. Trevisan suggested Androski contact Howard Zonana, a forensic psychiatrist. Zonana examined the petitioner and referred him to Mamelon V. Baranoski, PhD., for psychological testing. In his report, Zonana stated he was "unable to conclude to any degree of medical certainty whether [the petitioner] was under an extreme emotional disturbance at the time of the homicide" (Petitioner's Exhibit 9, p. 14). Androski was unable to persuade the state's attorney to agree to a plea of manslaughter, but did obtain agreement to recommend the above-cited sentence, 42 years, suspended after 30 years. The state's attorney indicated the offer would soon be withdrawn. Androski discussed the offer with his client and the client's family and recommended acceptance of the offer. After several days, the petitioner decided to take the offer, and subsequently pleaded guilty under the "Alford" doctrine. CT Page 4945
 V
The petitioner claims ineffective assistance of counsel in that counsel failed to conduct "sufficient" investigation, particularly of the petitioner's competency to stand trial and failed adequately to investigate potential affirmative defenses available to the petitioner, "specifically intoxication and/or extreme emotional disturbance."
The affirmative defense of extreme emotional disturbance is authorized by General Statutes, Section 53a-54a; State v. Person,236 Conn. 342, 351. The burden is on a defendant to establish such defense by a fair preponderance of the evidence, General Statutes, Section 53a-12 (b). Pursuant to General Statutes, Section 53a-55, a defendant who meets this burden is entitled to a conviction of manslaughter in the first degree, a class B felony, instead of a conviction of murder. Here, the petitioner must persuade the habeas court that trial counsel either failed to notify him of the of the availability, or failed adequately to explain the elements of said defense and the burden placed on a defendant to establish such defense; that such failure fell below the range of reasonable professional assistance of a competent trial lawyer, that, had trial counsel adequately advised the petitioner, the latter would have opted to go to trial; and that, had he gone to trial the result would likely have been more favorable to the petitioner than the result actually obtained. The petitioner has failed to meet his burden of persuasion on any of these claims. The petitioner has offered no evidence to establish the standard for reasonable professional assistance insofar as advising one's client regarding the requirements for establishing an affirmative defense of extreme emotional distress. The Court is persuaded that trial counsel did discuss said defense with the petitioner and did give petitioner his opinion that in the circumstances of petitioner's case, it was not a viable defense. The petitioner makes much of trial counsel's lack of experience and the difficulties trial counsel had, during his habeas testimony, in articulating the requirements for establishing such defense. Such difficulties do not suffice to overcome the presumption that trial counsel rendered adequate assistance in advising the petitioner on this issue. As to experience, trial counsel was not a rank novice. Moreover, "Every experienced criminal defense attorney once tried his first criminal case", United States v. Cronic,466 U.S. 648, 665. Second, the petitioner has failed to establish that, had trial counsel's assistance been adequate, petitioner would have chosen to go to trial. Third, the petitioner has failed to persuade the Court, by a fair preponderance of the evidence, that it CT Page 4946 is reasonably likely that the result, had he gone to trial, would have been more favorable than that obtained. A habeas petitioner, making such a claim, must do more than postulate such a possibility. He must introduce evidence at the habeas hearing of extreme emotional disturbance at the time of the crime sufficient to persuade the habeas court, that such evidence, if introduced at trial, would be reasonably likely to have produced a more favorable result. This the petitioner failed to do. The petitioner testified merely that he had been under stress in the weeks prior to the murder, that his wife had said she wanted a divorce and that he suspected she was unfaithful. The petitioner could not testify as to his state of mind at the time of his wife's killing since he maintains he has no recollection of the incident. Zonana, the forensic psychiatrist, was unable, after three sessions with the petitioner, to state, with a reasonable degree of medical certainty, that the petitioner had suffered from extreme emotional disturbance at the time of the murder. No other testimony was offered at the habeas hearing regarding the petitioner's state of mind at the time of his wife's slaying and the court may not speculate on what evidence the petitioner might have offered at trial.
Similarly, with regard to the petitioner's claims revolving around the partial defense of intoxication. Recognizing that intoxication is not an affirmative defense, the petitioner still must introduce evidence at a habeas hearing to persuade the court that the claim is sufficiently plausible that, had it been raised at trial there is a reasonable likelihood that the result would have been more favorable for the petitioner. This the petitioner failed to do. Because the petitioner has no recollection of the crime he cannot testify as to his level of intoxication at that time, nor did he offer any other evidence of this to the habeas court . . .
The Court finds that the petitioner has failed to establish, by a fair preponderance of the evidence, any of his claims that trial counsel rendered ineffective assistance in the course of his representation of the petitioner, failed to establish a reasonable likelihood that, but for trial counsel's deficient performance, the petitioner would have opted to go to trial and failed to establish that, but for the deficient performance of trial counsel it was reasonably likely that the outcome would have been more favorable to the petitioner. The petitioner failed to establish that trial counsel's advice, that the petitioner take the state's offer, constituted ineffective assistance of counsel. Given the strength of the state's case, the petitioner's maximum exposure should he have been convicted after trial and the lack of evidence supporting the CT Page 4947 defenses of extreme emotional disturbance and intoxication, such advice fell within the range of reasonable professional assistance of a competent trial lawyer. The petitioner failed to establish, by a fair preponderance of the evidence, that trial counsel, by the manner and timing with which he consulted the petitioner, exerted undue influence on the petitioner's decision whether to accept the state's offer or go to trial.
 VI
In his second count, the petitioner claims that he was deprived of his right to due process under the state and federal constitutions by reason of the trial court's failure to ensure that the petitioner's plea was knowing, intelligent and voluntary. Specifically, Count Two alleges that the trial court failed to make inquiry as to Petitioner's competence to enter a plea of guilty. This allegation was not briefed and is deemed abandoned. Rather, in his brief, the petitioner argues that, "The trial court should therefore bear some of the responsibility in taking a plea for determining whether Petitioner understood not only the elements of the offense, but also the elements of the defense that he was waiving."
"It is axiomatic that unless a plea of guilty is made knowingly and voluntarily, it has been obtained in violation of due process and is therefore voidable. State v. Childree, 189 Conn. 114, 119,454 A.2d 1274 (1983). By entering a guilty plea, the defendant waives his constitutional rights to a jury trial and to confront his accusers, as well as his privilege against self-incrimination. Boykinv. Alabama, 395 U.S. 288, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Statev. Wright, 207 Conn. 276, 542 A.2d 299 (1988). It is well settled that the record must affirmatively disclose that defendant's choice was made intelligently and voluntarily. State v. Childree, supra, 120." (Internal quotation marks omitted). State v. Drakeford,54 Conn. App. 240, 248, quoting from State v. Ramos, 23 Conn. App. 1,3, 579 A.2d 560 (1990).
The provisions of our Practice Book, including Sections 39-19, 39-20 and 39-20 reflect the importance our courts give to ensuring that a criminal defendant's plea be knowing, voluntary and understanding. This court has reviewed the trial court's extensive canvass at the plea hearing (Petitioner's Exhibit 1-C, Transcript of December 19, 1995 hearing, pp. 5-11), and finds the canvass was in substantial compliance with the relevant provisions of the Practice Book and with the requirements to ensure that the petitioner's Alford plea of guilty was made knowingly, voluntarily and intelligently. The CT Page 4948 court finds the trial court was under no obligation to advise the petitioner of the elements of the partial defenses of undue emotional disturbance or intoxication or of the requirements for raising such defenses at trial.
The petitioner has failed to establish, by a fair preponderance of the evidence, that he was deprived of his due process rights under the state and federal constitutions by reason of the trial court's failure to ensure that the petitioner's Alford plea of guilty to the crime of murder, was made knowingly, voluntarily and intelligently.
 VII
The petitioner having failed to establish any of his claims, the petition is dismissed and judgment may enter in favor of the respondent.
DOWNEY, JUDGE.